IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID W. CRITES, )

    Petitioner,

vs.                                                     Case No. 18–cv–611–DRH

MADISON COUNTY JAIL,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner David W. Crites filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 26, 2018. (Doc. 1). In the Petition, he seeks release from Madison County Jail ("Jail") in order to receive physical therapy and treatment for various medical conditions. Petitioner is presently confined at the Jail awaiting trial on a charge of criminal trespass in *Illinois v. Crites*, No. 2018-CF-000119 (Ill. Cir. Ct. Jan. 16, 2018). As discussed in more detail below, the Court concludes that the Petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

## Background

    Petitioner requests a medical release from the Jail. (Doc. 1, p. 8). He claims that he needs physical therapy due to a severe dog bite. *Id.* He also seeks a court order for diabetes-related seizure medication. *Id.* Petitioner claims he is

1

experiencing "[t]he same abuse and more because of prior law suit." *Id.* Petitioner believes release is an appropriate remedy so that he can get treatment from the Veteran's Administration or the Illinois Department of Human Services. *Id.* He claims he is having seizures and is not receiving medication. *Id.* He also has a pending lawsuit in this District, *Crites v. Lakin*, No. 15-cv-677-JPG-RJD (S.D. Ill. June 19, 2015), in which he alleges certain Madison County officials have been deliberately indifferent to his medical needs, including those related to his diabetes.

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, [the Seventh Circuit has] held that [he] must use a § 1983 or *Bivens* theory." *Glaus v. Anderson*, 408 F.3d 382, 386 (2005) (citing *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)).

> If the prisoner is seeking what can be fairly described as a quantum change in the level of custody—whether outright freedom, or freedom

2

> subject to the limited reporting and financial constraints of bond or parole or probation, . . . then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative he seeks.

*Id.* at 386-87. Though it is available in the context of habeas proceedings, release is not an available remedy for a § 1983 deliberate indifference claim. *Glaus*, 408 F.3d at 387. "If an inmate established that his medical treatment amounts to cruel and unusual punishment [or violates his due process rights], the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option." *Id.* (citing *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990); *Crawford v. Bell*, 599 F.2d 890, 891-92 (9th Cir. 1979); *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979)).

Despite his request for release, petitioner's claims focus solely on the conditions, rather than the fact, of his confinement. His only allegations involve his need for medical care and the failure of Jail medical providers to treat him. He may not proceed with his habeas corpus Petition based on these claims. *Glaus*, 408 F.3d at 388.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991) (collecting cases), in more recent cases the Seventh Circuit has held that district courts should not do this. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir.

1997). It would be particularly inappropriate to recast petitioner's action here, because he would face obstacles under the Prison Litigation Reform Act. *See generally* 28 U.S.C. § 1915. Specifically, petitioner is responsible for paying a much higher filing fee of $400. Furthermore, petitioner might be assessed a "strike" if the Court determined that his action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas Petition as a complaint under the civil rights act.

Further, petitioner is advised that the Madison County Jail is not a proper respondent in a habeas action generally. The respondent in a habeas corpus proceeding is the person who has immediate custody over the petitioner. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts. A jail or institution is not a person. The only proper respondent in a habeas action for an incarcerated prisoner is his custodian—the warden of the prison or jail. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *see also Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) (any respondent who is not the prisoner's custodian should be dropped).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated above, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice to petitioner bringing another habeas claim based on his medical

issues, but without prejudice to petitioner bringing such claims in an action under § 1983 if he so desires.

Should Petitioner desire to appeal this Court's ruling dismissing his habeas petition, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1); *Evans v. Circuit Court of Cook Co.*, 569 F.3d 665 (7th Cir. 2009) (certificate of appealability is required for state prisoner in pre-trial custody whose detention arose from a state court order). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for habeas relief. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus,

petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.17
09:19:25 -05'00'

**United States District Judge**